UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                       :

PULSE CREATIONS, INC.,                :
                                       :

                        Plaintiff,   :

                                       :
                  v.                   :

                                       :

VESTURE GROUP, INC., *et al.*,   :

                                       :

                   Defendants. :
                                       :

------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: December 30, 2015

15 Civ. 2496 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

Plaintiff Pulse Creations, Inc. ("Pulse"), a clothing distributor, brought suit in April 2015 against a competitor, Vesture Group, Inc. ("Vesture"), and several retailers to which Vesture supplies clothing, including Burlington Coat Factory, Inc. ("Burlington"), Sears Holding Corporation ("Sears"), and JC Penney, Inc. ("JCP") (collectively, the "Retailer Defendants," and with Vesture, "Defendants"). In brief, Pulse sought injunctive relief and money damages for Defendants' alleged infringement of Pulse's rights to the PINKY trademark described herein, advancing claims under both federal and New York State law. Defendants now move, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Plaintiff's claims. For the reasons set forth in the remainder of this Opinion, Defendants' motion is granted in regards to Plaintiff's claim under New York General Business Law § 349, and denied in all other respects.

**BACKGROUND**[1]

## A.      Factual Background

Plaintiff Pulse is a New York corporation that sells clothing to a wide range of retailers.  (FAC ¶¶ 12, 18, 19).  Defendant Vesture is a California corporation that similarly supplies apparel to multiple retailers, including the Retailer Defendants.  (*Id.* at ¶¶ 13-16).

In 2010, Pulse applied to the United States Patent and Trademark Office (the "USPTO") for a trademark on the "PINKY" mark, stating in its application that it had been using the mark continuously in connection with clothing sales since 1981.  (FAC ¶¶ 18, 23).  The PINKY mark was thereafter registered to Pulse, on October 30, 2012, for use on "BLOUSES, SHIRTS, PANTS, SHORTS, JACKETS, JUMPSUITS, ROMPERS, LOUNGEWEAR, AND SLEEPWEAR EXCLUDING BABY, JUVENILE AND TODDLER CLOTHING AND ACCESSORIES."  (FAC Ex. A (capitalization in original)).

On April 30, 2013, Vesture filed an application with the USPTO to register the PINKY LOS ANGELES mark, stating that it had used this mark in connection with its sales of a wide range of adult and children's apparel since November 1, 2009.  (FAC ¶ 27).  The USPTO rejected Vesture's trademark application on the grounds that the applied-for mark would likely cause

---

[1]      The facts contained in this Opinion are drawn from the First Amended Complaint (or "FAC") (Dkt. #25), and are taken as true for purposes of this motion. *See Faber* v. *Metro. Life Ins. Co.,* 648 F.3d 98, 104 (2d Cir. 2011) (when reviewing a complaint for failure to state a claim, the court will "assume all well-pleaded factual allegations to be true" (internal quotation marks omitted)).  For convenience, Defendants' brief in support of their motion to dismiss (Dkt. #30) will be referred to as "Def. Br."; Plaintiff's opposition (Dkt. #39) as "Pl. Opp."; and Defendants' reply brief (Dkt. #40) as "Def. Reply."

confusion with Pulse's PINKY mark; consequently, on June 24, 2014, Vesture
filed a petition to cancel Pulse's mark.  (*Id.* at ¶¶ 28-29).  Vesture subsequently
withdrew its petition for cancellation.  (*Id.* at ¶ 31).

According to Plaintiff, despite having (i) received notice that its mark
might cause confusion with Plaintiff's, and (ii) abandoned its petition to cancel
that competing mark, Vesture continued to use the PINKY mark in its sales of
both adult and children's clothing.  (FAC ¶ 32).  Specifically, Plaintiff alleges
that Vesture continued to sell, and that the Retailer Defendants continued to
buy and resell, clothing bearing the PINKY mark, despite knowing that the
items infringed upon Pulse's trademark rights.  (*Id.* at ¶¶ 34, 36-38).  To
support its allegations, Plaintiff attached exhibits to its First Amended
Complaint purporting to show, in a non-exhaustive manner, infringing items
of clothing sold by each of the Defendants.  (*See id.* at Ex. F-I).

**B.    Procedural Background**

On April 1, 2015, Pulse filed a complaint against Defendants, as well as
against Bakk Enterprise, LLC ("Bakk") and Does 1-20, alleging violations of
§§ 32 and 43(a) of the Lanham Act, *see* 15 U.S.C. §§ 1114, 1125(a), as well as
state law violations under New York General Business Law § 349 and New York
common law.  (Dkt. #1).  On June 11, 2015, Plaintiff filed its First Amended
Complaint, deleting Bakk as a defendant and adding an assertion of rights to
the trademark ULTRA PINK to Pulse's previously-claimed right to the PINKY

mark.  (Dkt. #25).[2]  Plaintiff alleged the same violations stated in its initial complaint, namely, (i) trademark infringement under Lanham Act § 32, 15 U.S.C. § 1114, (ii) false description and designation of origin in commerce under Lanham Act § 43(a), 15 U.S.C. § 1125, (iii) deceptive trade practices under New York General Business Law § 349, and (iv) trademark infringement and unfair competition, both under New York common law.  (*Id.* at ¶¶ 39-87).

On June 25, 2015, two weeks after Plaintiff filed its First Amended Complaint, Defendants filed their motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. #29, 30).  In support of their motion, Defendants submitted four witness declarations setting forth responses to Plaintiff's factual allegations.  (Dkt. #31-34).  Shortly thereafter, Plaintiff submitted a letter requesting that the Court disregard the submitted declarations as improper extrinsic evidence on a Rule 12(b)(6) motion to dismiss.  (Dkt. #36).  After receiving Defendants' responsive letter (Dkt. #37), the Court granted Plaintiff's request, finding that Defendants' declarations indeed constituted extrinsic evidence inappropriate for consideration upon a Rule 12(b)(6) motion (Dkt. #38).[3]

---

[2]     As Defendants note (*see, e.g.*, Def. Reply 3), Plaintiff's inclusion of references to the Ultra Pink mark is something of a red herring, inasmuch as the registration explicitly disclaims exclusivity of use beyond the precise "Ultra Pink" mark, and Plaintiff does not allege that Defendants have sold any goods bearing the Ultra Pink mark (*see id.* (citing FAC Ex. B)).

[3]     The Court acknowledges that Defendants have also moved pursuant to Rule 12(b)(1), under which evidence outside of the pleading may properly be considered.  *See Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court … may refer to evidence outside the pleadings).  However, as discussed *infra*, Defendants' argument under Rule 12(b)(1) is more properly framed as an argument for Plaintiff's failure to state a claim rather than as an argument for lack of standing.  Put simply,

On July 27, 2015, Plaintiff submitted its memorandum in opposition to Defendants' motion.  (Dkt. #39).  Briefing on the motion then closed on August 10, 2015, with the submission of Defendants' reply.  (Dkt. #40). Notwithstanding the conclusion of the briefing schedule, Defendants submitted a letter on October 21, 2015, setting forth additional information about Vesture's own trademark registration process.  (Dkt. #41).  Plaintiff filed a responsive letter on October 23, 2015.  (Dkt. #42).  On October 26, 2015, the Court issued an endorsement of Defendant's October 21 Letter, noting that (i) briefing on Defendants' motion had closed and (ii) the Court would consider only "the materials permitted to be considered under Federal Rule of Civil Procedure 12(b)(6) and the relevant case law."  (Dkt. #43).

## DISCUSSION

**A.     Motions Under Fed. R. Civ. P. 12(b)**

### 1.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it."  *Aurecchione* v. *Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal quotation marks omitted); *accord Sokolowski* v. *Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013).  A "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of

---

Defendants may not use Rule 12(b)(1) as a feint to get before the Court extrinsic evidence supporting their Rule 12(b)(6) motion.

the evidence that it exists." *Makarova* v. *United States,* 201 F.3d 110, 113 (2d Cir. 2000).

In resolving a Rule 12(b)(1) motion to dismiss, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff, but jurisdiction must be shown affirmatively, and that showing [may] not [be] made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison* v. *Nat'l Austl. Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008) (internal citation and quotation marks omitted). Moreover, where subject matter jurisdiction is contested, a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits. *See Zappia Middle East Constr. Co.* v. *Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000); *accord Tandon* v. *Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir. 2014).

**2.      Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life Ins. Co.,* 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007)). "While Twombly does not

require heightened fact pleading of specifics, it does require enough facts to 'nudge [a plaintiff's] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco* v. *MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc.* v. *Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).

## B.   Plaintiff Has Adequately Alleged Trademark Infringement Under Both 15 U.S.C. § 1114 and the Common Law

### 1.   Applicable Law

Claims for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114, are analyzed "under a familiar two-prong test. The test looks

first to whether the plaintiff's mark is entitled to protection, and second to whether the defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Tiffany (NJ) Inc.* v. *eBay Inc.*, 600 F.3d 93, 102 (2d Cir. 2010) (quoting *Savin Corp.* v. *Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004)).  The elements of trademark infringement under New York law mirror those for the Lanham Act, and as a result these claims may be analyzed together.  *See Smith* v. *Mikki More, LLC*, 59 F. Supp. 3d 595, 616 (S.D.N.Y. 2014).

### 2.    Analysis

Defendants first argue that Plaintiff's trademark infringement claims must be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).  Their reasoning proceeds as follows:  15 U.S.C. § 1114 protects only registered trademarks, the scope of which is defined by the marks' respective registration certificates.  Here, Plaintiff's mark contains an exclusion for "baby, juvenile and toddler clothing and accessories."  (FAC Ex. A (capitalization omitted)).  Because Defendants have only produced goods falling within this exclusion — and thus outside of Plaintiff's trademark rights — Plaintiff lacks standing to bring an infringement suit.

Defendants' argument, while concededly clever, proves too much:  A plaintiff seeking to maintain an action in federal court is "always required" to have standing.  *Valley Forge Christian Coll.* v. *Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *accord Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Precisely for this reason, the issue of

standing is "the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth* v. *Seldin*, 422 U.S. 490, 498 (1975); *see generally Lexmark Int'l, Inc.* v. *Static Control Components, Inc.*, — U.S. —, 134 S. Ct. 1377 (2014) (discussing Article III, or constitutional, and statutory standing).  If Defendants' argument were to be accepted, the restrictions that inhere (appropriately, it is submitted) in Rule 12(b)(6) — including the limitation on materials that a court may consider and the rule that a plaintiff's well-pleaded factual allegations be taken as true — would fall by the wayside, because defendants would always seek to have claims dismissed for lack of standing based on plaintiffs' ostensible failures to allege a cognizable injury (i.e., to state a claim).  This cannot be the law.

Defendants' Rule 12(b)(1) argument also fails on the merits.  Plaintiff does not allege that Defendants dealt specifically or solely in infringing "baby, juvenile, [or] toddler clothing"; instead, Plaintiff alleges that Defendants advertised and sold, *inter alia*, a broad range of adult clothing bearing the PINKY mark.  (FAC ¶¶ 30, 32).  And while Defendants asseverate that they never manufactured adult clothing, the Court may not consider those assertions in this setting.  Contrary to Defendants' contention, Plaintiff does not "assert rights it never had." (Def. Br. 16).  Rather, Plaintiff asserts rights that may ultimately be found not to have been violated.

Alternatively, Defendants move for dismissal of Plaintiff's trademark infringement claims under Rule 12(b)(6), on the basis that Plaintiff lacks a federally-registered trademark in "girls' clothing," which Defendants contend is

the only type of clothing as to which Plaintiff has alleged infringement.  (Def.
Br. 11).  While recognizing that Defendants have raised some thoughtful points
concerning Plaintiff's pleading, the Court is nonetheless constrained to deny
the motion at this early stage in the litigation.

As just noted, Plaintiff's First Amended Complaint does not limit its
assertions of infringement to girls' clothing; instead, it broadly alleges that
Defendants traded in infringing "apparel."  (FAC ¶¶ 26, 35-38).  As a factual
predicate for this claim, Plaintiff offers, *inter alia*, circumstantial evidence in
the form of statements taken from Vesture's failed 2013 application for a
trademark on the mark PINKY LOS ANGELES, in which Vesture represented
that it has used the applied-for mark in United States commerce since
November 1, 2009, on or in connection with *both* adult and children's clothing.
(*Id.* at ¶¶ 27, 32).  While it is certainly true that "in general, courts do not bind
parties to their statements made or positions taken in ex parte [trademark]
application proceedings in front of the PTO," *Perfect Pearl Co.* v. *Majestic Pearl
& Stone, Inc.*, 887 F. Supp. 2d 519, 534-35 (S.D.N.Y. 2012), the question on a
Rule 12(b)(6) motion is not whether Plaintiff has proven Defendants' infringing
use, but only whether it has alleged sufficient facts to make its claims
plausible.  Taking the operative Complaint as a whole, Plaintiff has met that
threshold.

Plaintiff additionally attached exhibits to its First Amended Complaint
purporting to show infringing items of clothing advertised and sold by
Defendants.  (FAC Ex. F-I).  Defendants argue that these exhibits cannot

support a valid infringement claim because the featured clothing items are all

pieces of "girls' clothing," and Plaintiff's trademark rights expressly exclude any

right to the PINKY mark for "baby, juvenile and toddler clothing and

accessories." (Def. Br. 4, 14). As an initial matter, whether the pictured items

constitute "girls' clothing" would itself seem to be a question of fact not

properly determinable on a Rule 12(b)(6) motion. But even if the Court were to

find that the items constituted "girls' clothing," the Court is not willing to say,

as a matter of law, that "girls' clothing" is necessarily a subset of "juvenile

clothing." It may be the case, for instance, that as those terms are used in the

clothing trade — or more particularly, as they were used in Plaintiff's

communications with the USPTO — "girls' clothing" covers pieces for girls ages

13-17, while "juvenile clothing" encompasses ages 10-12. The Court observes

that Exhibit G to the First Amended Complaint, which consists of a screenshot

from one Retailer Defendant's online store, lists "Juniors" and "Girls" as two

separate categories. (FAC Ex. G). This distinction may ultimately prove

illusory; the Court's point is simply that whether the items pictured in the

exhibits to Plaintiff's First Amended Complaint are "juvenile clothing," such

that they fall outside of Plaintiff's trademark rights, is an issue that cannot be

decided on a motion to dismiss.

Finally, Defendants support their motion by arguing that Plaintiff cannot

prove either actual or likely confusion as a result of their use of the PINKY

mark. (Def. Br. 23). But Plaintiff need not "prove" confusion at the motion to

dismiss stage. On the contrary, "[l]ikelihood of confusion is a fact-intensive

analysis that ordinarily does not lend itself to a motion to dismiss." *Van Praagh* v. *Gratton*, 993 F. Supp. 2d 293, 303 (E.D.N.Y. 2014) (quoting *The Name LLC* v. *Arias*, No. 10 Civ. 3212 (RMB), 2010 WL 4642456, at *5 (S.D.N.Y. Nov. 16, 2010)); *see also Peek & Cloppenburg KG* v. *Revue, LLC*, No. 11 Civ. 5967 (DAB), 2012 WL 4470556 at *5 (S.D.N.Y. Sept. 19, 2012) ("[A] likelihood of confusion is a question of fact as to the probable or actual actions and reactions of prospective purchasers of the goods or services of the parties." (quoting *DC Comics Inc.* v. *Reel Fantasy, Inc.*, 696 F.2d 24, 26 (2d Cir. 1982)); *Ritani, LLC* v. *Aghjayan*, 880 F. Supp. 2d 425, 446 (S.D.N.Y. 2012) (collecting cases). Plaintiff has alleged that Defendants use a mark identical to the mark for which Plaintiff holds a trademark to advertise or sell the same type of goods sold by Plaintiff. This suffices to support an allegation of consumer confusion at this stage of the proceedings. Defendants point to Plaintiff's previous admissions that the PINKY mark is "'weak' and only entitled 'to a narrow scope of protection'" to support their contention that Plaintiff cannot show a likelihood of consumer confusion. (Def. Br. 23). Defendants' point may ultimately prevail, but it is not dispositive at this stage of the proceedings. Accordingly, Defendants' motion to dismiss Plaintiff's trademark infringement claims under 15 U.S.C. § 1114 and New York common law is denied.

## C.   Plaintiff Has Adequately Alleged Product Infringement Under Lanham Act § 43(a)

### 1.   Applicable Law

Section 43(a) of the Lanham Act provides, in pertinent part, that

> [a]ny person who … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin … [which] is likely to cause confusion, or to cause mistake, or to deceive … as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person … shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).  Hence, "[t]o state a claim under this section of the Lanham Act, plaintiff must allege that [i] goods or services are involved, [ii] interstate commerce is affected, and [iii] there is a false designation of origin or a false description or representation with respect to those goods or services in commerce." *Sun Trading Distrib. Co.* v. *Evidence Music, Inc.*, 980 F. Supp. 722, 727 (S.D.N.Y. 1997).  As with claims brought under 15 U.S.C. § 1114, "a plaintiff must prove, first, that the mark is entitled to protection, and second, that defendant's use of the mark is likely to cause consumers 'confusion as to the origin or sponsorship of defendant's goods.'" *Victorinox AG* v. *B & F Sys., Inc.*, No. 13 Civ. 4534 (JSR), 2015 WL 3929673, at *5 (S.D.N.Y. June 22, 2015) (quoting *Virgin Enters. Ltd.* v. *Nawab*, 335 F.3d 141, 146 (2d Cir. 2003)).

### 2.   Analysis

Defendants' arguments under § 43(a) of the Lanham Act mirror those made under § 32 — namely, that Plaintiff has failed to allege sufficient factual support for likelihood of consumer confusion, and that Plaintiff's own statements concede the limited scope of its trademark rights; those arguments fail for the reasons already discussed.  Defendants further argue that Plaintiff's § 43(a) claim must fail because Plaintiff does not allege that Defendants have

made any false or deceptive statement regarding the products at issue. However, § 43(a) "provides for two distinct causes of action: false designation of origin or source, known as 'product infringement,' and false description or representation, known as 'false advertising.'" *Res. Developers, Inc.* v. *Statue of Liberty-Ellis Island Found., Inc.*, 926 F.2d 134, 139 (2d Cir. 1991) (quoting *Johnson & Johnson* v. *Carter-Wallace, Inc.*, 631 F.2d 186, 188 (2d Cir. 1980)). While false advertising requires that a defendant make a false or deceptive statement misrepresenting "an 'inherent quality or characteristic' of the product," *Sun Trading Distrib. Co.*, 980 F. Supp. at 727 (quoting *Nat'l Basketball Ass'n* v. *Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997)), no such statement is necessary for a claim brought under a product infringement theory.  Rather, product infringement occurs when a defendant "attempts to sell its product with a false designation that suggests the product originated from the plaintiff." *Id.* (citing *Waldman Pub. Corp.* v. *Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir. 1994)).

Plaintiff's § 43(a) claim may be inartfully pleaded, insofar as Plaintiff has titled the relevant count "False Description and Designation of Origin in Commerce," and has thereby conflated two distinct theories under which a § 43(a) claim may be brought (and only one of which Plaintiff has adequately asserted).  However, this failure does not doom Plaintiff's § 43(a) claim:  While Defendants are correct that Plaintiff has pleaded little more than the text of the statute in regards to any false statements purportedly made by Defendants, Plaintiff has provided sufficient factual support for its assertion that

Defendants have sold goods with a false designation — namely, the PINKY

mark — that would suggest that Plaintiff produced and sold those goods.  (*See,*

*e.g.,* FAC Ex. F-I).  Thus Plaintiff has sufficiently alleged a claim for product

infringement under § 43(a) of the Lanham Act, and Defendants' motion to

dismiss that count of the First Amended Complaint must therefore be denied.

**D.     Plaintiff Has Adequately Alleged Unfair Competition Under New York Common Law**

> **1.     Applicable Law**

The elements of an unfair competition claim in New York largely mirror

those under § 43(a) of the Lanham Act.  *See Kaplan, Inc.* v. *Yun,* 16 F. Supp. 3d

341, 351 (S.D.N.Y. 2014) ("The elements necessary to prevail on causes of

action for trademark infringement and unfair competition under New York

common law mirror the Lanham Act claims." (quoting *ESPN, Inc.* v. *Quiksilver,*

*Inc.,* 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008))).  However, a party asserting a

claim for unfair competition under New York law must also allege bad faith on

the part of the defendant.  *See Empresa Cubana del Tabaco* v. *Culbro Corp.*, 399

F.3d 462, 485 (2d Cir. 2005).

> **2.     Analysis**

Plaintiff's First Amended Complaint sufficiently alleges the elements of

trademark infringement and unfair competition under the Lanham Act, and

Defendants offer no new arguments to the contrary in connection with

Plaintiff's claim for unfair competition under New York law; consequently, the

only additional factor the Court must consider is that of bad faith.  *See*

*Erickson Beamon Ltd.* v. *CMG Worldwide, Inc.*, No. 12 Civ. 5105 (NRB), 2014

WL 3950897, at *9 (S.D.N.Y. Aug. 13, 2014) ("Because we have found that defendants have stated a claim for unfair competition under Section 43(a), the only remaining question is whether defendants have adequately pled that plaintiff acted in bad faith.").

Plaintiff alleges that each Defendant "is aware that [its] continued use of the PINKY mark violates the law and Pulse's intellectual property rights, such that the Defendants ... each ... kno[w] and/or [are] aware that Plaintiff owns the rights to the mark PINKY in connection with apparel." (FAC ¶ 34).  Plaintiff bolsters this claim with specific factual allegations regarding Vesture's own attempts to acquire trademark protection for the PINKY LOS ANGELES mark, through which process Vesture learned of (i) Pulse's rights to the PINKY mark, and (ii) the infringing nature of Vesture's proposed use of a similar mark.  (*See id.* at ¶¶ 5, 6, 27-32).  The remaining Defendants are not alleged to have specific knowledge of Vesture's history with the trademark office, but are alleged to have acquired goods through Vesture, including the purportedly infringing garments at issue.  (*Id.* at ¶ 3).

Plaintiff has sufficiently alleged bad faith on the part of Vesture.  *See George Nelson Found.* v. *Modernica, Inc.*, 12 F. Supp. 3d 635, 652 (S.D.N.Y. 2014) ("Bad faith may be inferred from the junior user's actual or constructive knowledge of the senior user's mark." (quoting *Star Indus., Inc.* v. *Bacardi & Co.*, 412 F.3d 373, 389 (2d Cir. 2005)).  Its basis for asserting bad faith on the part of the Retailer Defendants is decidedly thinner, but given the clear assertion that these Defendants acted with knowledge of Plaintiff's rights (*see*

16

FAC ¶ 34), Plaintiff manages to clear the threshold for surviving a motion to dismiss. *See, e.g.*, *Hearts on Fire Co., LLC.* v. *L C Int'l Corp.,* No. 04 Civ. 2536 (LTS) (MHD), 2004 WL 1724932, at *4 (S.D.N.Y. July 30, 2004) (finding that a complaint asserting defendant "'willfully, intentionally, and knowingly used a designation confusingly similar' to Plaintiff's mark" sufficiently alleged bad faith, as "any determinations regarding Defendant's potential bad faith, which would involve a factual inquiry, would … be premature"); *see also Castle Rock Entm't* v. *Carol Pub. Grp., Inc.*, 955 F. Supp. 260, 274 (S.D.N.Y. 1997), *aff'd sub nom. Castle Rock Entm't, Inc.* v. *Carol Pub. Grp., Inc.*, 150 F.3d 132 (2d Cir. 1998) ("Any inquiry into a defendant's alleged bad faith and the potential for consumer confusion necessarily entails a 'factual inquiry.'").  Defendants' motion to dismiss Plaintiff's New York unfair competition claim is accordingly denied.

### E.     Plaintiff Has Not Adequately Alleged a Cause of Action for Deceptive Business Practices Under General Business Law § 349

#### 1.     Applicable Law

New York law prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state[.]" N.Y. Gen. Bus. Law § 349.  A cause of action under § 349 has three elements: (i) "the challenged act or practice was consumer-oriented"; (ii) "it was misleading in a material way"; and (iii) "the plaintiff suffered injury as a result of the deceptive act." *Crawford* v. *Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) (internal quotation marks omitted).

## 2.   Analysis

Courts in the Second Circuit are divided over whether trademark infringement claims are viable under § 349.  The majority view, and the view that this Court adopts, is that "trademark infringement claims are not cognizable under ... § 349 unless there is specific and substantial injury to the public interest over and above the ordinary trademark infringement."  *Van Praagh*, 993 F. Supp. 2d at 305 (quoting *Perfect Pearl Co.*, 887 F. Supp. 2d at 543); *see also Kaplan, Inc.,* 16 F. Supp. 3d at 352; *MyPlayCity, Inc.* v. *Conduit Ltd.*, No. 10 Civ. 1615 (CM), 2012 WL 1107648, at *15 (S.D.N.Y. Mar. 30, 2012); *Nat'l Distillers Prods. Co., LLC* v. *Refreshment Brands, Inc.*, 198 F. Supp. 2d 474, 486-87 (S.D.N.Y. 2002).  These courts have reasoned that, in general, "the public harm that results from trademark infringement is too insubstantial to satisfy the pleading requirements of § 349."  *Perfect Pearl Co.*, 887 F. Supp. 2d at 542 (internal quotation marks omitted).

In the present case, Plaintiff has alleged that "Defendants' conduct is deceptive to ordinary members of the public and harmful to the public interest." (FAC ¶ 65).  Plaintiff has pleaded no facts, however, to suggest that the "harm" resulting from Defendants' alleged conduct constitutes anything more than the ordinary harm that typically accompanies trademark infringement.  Plaintiff has therefore failed to state a claim under § 349, and Defendants' motion to dismiss Count III of Plaintiff's First Amended Complaint must be granted.  Furthermore, because it would be futile for Plaintiff to replead its claim under § 349, Plaintiff will not be granted leave to do so.  *See,*

*e.g., Oneida Indian Nation of N.Y.* v. *City of Sherrill*, 337 F.3d 139, 168 (2d Cir.

2003) (stating that, although leave to amend should be freely granted,

amendment is not warranted where it would be futile), *rev'd on other grounds*,

544 U.S. 197 (2005); *see also Nomination Di Antonio E Paolo Gensini S.N.C.* v.

*H.E.R. Accessories Ltd.*, No. 07 Civ. 6959 (DAB), 2009 WL 4857605, at *9

(S.D.N.Y. Dec. 14, 2009) (denying leave to replead a claim under § 349

"because Plaintiffs have not and cannot allege some form of harm to the public

other than that which is always present in the normal case of trademark

infringement").

## CONCLUSION

For the reasons stated in this Opinion, Defendants' motion to dismiss

Plaintiff's claim for deceptive trade practices under New York General Business

Law § 349 is GRANTED.  Their motion to dismiss Plaintiff's claims for

(i) trademark infringement under Lanham Act § 32, (ii) false designation of

origin under Lanham Act § 43(a); (iii) New York common law trademark

infringement, and (iv) New York common law unfair competition is DENIED.

The Clerk of Court is directed to terminate the motion at docket entry number

29.

The parties are directed to appear for an initial pretrial conference on

**January 26, 2016**, at **2:30 p.m.** in Courtroom 618 of the Thurgood Marshall

Courthouse, 40 Foley Square, New York, New York.  The parties are directed to

submit a proposed case management plan and joint status letter no later than

**January 21, 2016**, pursuant to the Court's Individual Rules of Civil Practice.

SO ORDERED.

Dated:        December 30, 2015
              New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

20